UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ADRON LITTLEMAN FLOYD,

        Plaintiff,                             Case No. 1:07-cv-600

v.                                                 Honorable Janet T. Neff

KENT COUNTY et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's action be dismissed because the State of Michigan is immune and Plaintiff fails to state a claim against the remaining Defendants.

**Discussion**

     I.      Factual allegations

Plaintiff is incarcerated in the Baraga Maximum Correctional Facility. Plaintiff sues Attorney Timothy Haynes, Kent County, the State of Michigan, "Unknown Trainer," Governor Jennifer Granholm, and "Unknown Parole Board Members."

On February 5, 1999, Plaintiff was arrested and charged with possession with intent to deliver less than 50 grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(iv). Attorney Timothy Haynes was appointed to represent Plaintiff in the criminal proceedings. On February 17, 1999, Plaintiff pleaded guilty to the charge in the Kent County Circuit Court. Plaintiff claims that Haynes "forced" him to waive his preliminary examination and plead guilty without considering possible defenses or conducting any investigation of Plaintiff's case. The trial court sentenced Plaintiff on April 20, 1999, to imprisonment of one to twenty years. In sentencing Plaintiff, the trial court addressed the apparent conflict between the state sentencing guidelines and the statutory mandatory minimum sentence:

> I agree that the new guidelines can be somewhat confusing, particularly where they conflict with mandatory minimum sentencing laws. Guidelines apparently call for a zero-to-11 sentence, which would normally be a sentence of county jail with or without probation, or probation with or without county jail. Frankly, prison would not be within the realm of sentencing options.
>
> However, my sentencing guidelines manual, the white notebook that was handed out to everybody that went through the training, there is right in the flyleaf a document called "Rules for Determining Appropriate Sentence Range." And Rule No. 1 is that a sentence required by mandatory minimums is an appropriate sentence, even if inconsistent with the cell length. The way it was put during our training was that mandatory minimum terms trumped the guidelines, which means, basically, where they're in conflict, the mandatory minimums govern.

(Sentencing Tr., dockets #1-2.) Plaintiff claims that his attorney failed to challenge the sentence or to pursue a direct appeal of his conviction in violation of his Sixth Amendment rights. He also

contends that he was incarcerated pursuant to an invalid sentence because the "Unknown Trainer" provided incorrect information to the trial court.

On November 9, 2001, Plaintiff filed a motion for relief from judgment in the Kent County Circuit Court pursuant to MICH. CT. R. 6.500 *et seq.*, claiming that under MICH. COMP. LAWS § 769.34(4)(b), he should have been sentenced to life probation rather than a term of years. The circuit court denied his motion. Plaintiff filed an application for leave to appeal in the Michigan Court of Appeals, which denied his application for leave to appeal on August 24, 2004. Plaintiff then filed an application for leave to appeal in the Michigan Supreme Court. In lieu of granting leave, the Michigan Supreme Court issued an order on June 16, 2005, vacating Petitioner's sentence and remanding his case to the Kent County Circuit Court for re-sentencing. The Michigan Supreme Court stated in part:

> Contrary to the holding of the circuit court, MCL 769.34(4)(b)[1] was effective in April of 1999, when defendant was sentenced. That statute required the circuit court to impose a sentence of life probation absent a departure. On remand, the circuit court shall either impose a sentence of life probation, or articulate on the record a substantial and compelling reason for departing from the sentencing guideline range in accordance with *People v. Babcock*, 469 Mich 247 (2003).

*People v. Floyd*, 697 N.W.2d 525 (Mich. 2005). On August 23, 2005, the trial court re-sentenced Plaintiff to twelve months time served and life probation. Plaintiff was discharged on August 31, 2005, after serving more than six years in prison.[2]

---

[1]Before being amended in 2007, MICH. COMP. LAWS § 769.34(4)(b) stated:

If the offense is a violation of section 7401(2)(a)(iv) or 7403(a)(iv) of the public health code, 1978 PA 368, MCL 333.7401 and the upper limit of the recommended minimum sentence range is 18 months or less, the court shall impose a sentence of life probation absent a departure.

[2]Petitioner committed a new drug offense on February 12, 2006, for which he was sentenced on July 17, 2006, to imprisonment of sixteen months to eight years. The new offense constituted a violation of Plaintiff's lifetime probation for his 1999 drug conviction. As a result, his probation was revoked and he was sentenced on September 29, 2006, to imprisonment of one to twenty years.

Before Plaintiff received relief in the Michigan Supreme Court, he filed a petition for a pardon of the unlawful sentence with Governor Jennifer Granholm. Plaintiff claims that the unknown parole board members were required to screen his petition and make a recommendation to the Governor. Plaintiff claims that while he clearly was being held in violation of MICH. COMP. LAWS § 769.34(4)(b), his petition was denied. Plaintiff claims that Granholm and the Parole Board failed to properly consider his petition violated his due process rights. Plaintiff also claims that Kent County failed to provide him with a competent lawyer. He alleges that Kent County has "failed to ensure or failed to have any policies, programs, guidelines and other essential resources in place to enable to attorneys it hires to provide constitutional [sic] adequate legal representation as required by the Sixth Amendment, which the County have [sic] long known exist [sic], but failed for decades to correct the problem." (Compl. ¶ 30.) Plaintiff further claims that the State of Michigan has failed in its obligation to provide constitutionally adequate defense services for indigent criminal defendants.

Plaintiff seeks declaratory relief, as well as compensatory damages of $4.5 million and punitive damages of $100,000 against each of the Defendants.

II.     Immunity

Plaintiff may not maintain an action under Section 1983 against the State of Michigan. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979),

and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the State of Michigan must be dismissed.

### III. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

I note at the outset that the only law implicated in Plaintiff's claims is the law of the State of Michigan. The gravamen of Plaintiff's claims is that he received an incorrect sentence. Plaintiff's sentence was established by state law, which called for a maximum sentence of twenty years. The trial court's sentence of 1-to-20 years' imprisonment did not exceed the maximum. The federal Constitution was therefore not offended. Plaintiff's essential claim is that the trial court erroneously applied a state statute, MICH. COMP. LAWS § 769.34(4)(b), which established a presumptive sentence of probation in the absence of the sentencing court's discretionary decision

to depart upward. This implicates a pure issue of state law. Hence, Plaintiff fails to state a *federal* claim against any defendant arising from sentencing error. Moreover, his claims against each individual defendant are flawed for the reasons set forth below.

### A. Timothy Haynes

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that defense counsel perform a private, not an official, function:

> In our system[,] a defense lawyer characteristically opposes the designated representatives of the State. The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness. But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interest of his client." This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed.

454 U.S. at 318-19 (footnotes omitted). The Court said that, once a lawyer undertakes the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serves in a legal aid or defender program. *Id.* at 323. The Court held that, even though a public defender is paid by the state, he or she does not act under color of state law in representing the accused. *Id.* at 325. Rather, defense counsel—whether privately retained or paid by the state—acts purely on behalf of the client and free from state control. *Id*. The Sixth Circuit has adhered to the holding in *Polk County* in numerous unpublished decisions. *See, e.g.*, *Carswell v. Hughes*, No. 99-1795, 2000 WL 658043, at *1 (6th Cir. May 9, 2000); *Blake v. Kane*, No. 98-4386, 2000 WL 302980, at *1 (6th Cir. Mar. 14, 2000); *Rodgers v. Stacey*, No. 99-3408, 2000 WL 190100,

at *1 (6th Cir. Feb. 7, 2000); *Watson v. Carreer*, No. 99-5319, 1999 WL1282433, at *1 (6th Cir. Dec. 27, 1999). Accordingly, Plaintiff's court-appointed attorney does not act under color of state law, and no claim under § 1983 can be maintained against him.

To the extent that Plaintiff asserts claims of fraud and legal malpractice, these claims arise solely under state law. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998). Accordingly, these claims should be dismissed without prejudice.

B.     **Kent County**

Plaintiff claims that Kent County failed to provide a competent lawyer for Plaintiff's representation. He alleges that Kent County has "failed to ensure or failed to have any policies, programs, guidelines and other essential resources in place to enable to attorneys it hires to provide constitutional [sic] adequate legal representation as required by the Sixth Amendment, which the County have [sic] long known exist [sic], but failed for decades to correct the problem." (Compl. ¶ 30.) Plaintiff claims that Defendant Kent County's failure to provide adequate funding of the public defense system violated Plaintiff's Sixth and Fourteenth Amendment rights. He further contends that the County's failure to implement training and qualification standards for the attorneys it hires to represent criminal defendants resulted in his unlawful incarceration for six-and-a-half years in violation of his Eighth Amendment rights.

Plaintiff's appointed counsel was licensed to practice by the State of Michigan and was subject to the licensing requirements of the State. Kent County has no duty to set further qualification standards or to provide training for licensed attorneys who are appointed to represent criminal defendants. Plaintiff's attempt to hold the county liable for an alleged mistake by his defense counsel is unprecedented and inarguable.

### C.  Unknown Trainer

Plaintiff alleges that he was incarcerated pursuant to an invalid sentence because the "Unknown Trainer" provided incorrect information to the trial court. The trial court was responsible for applying Michigan law and imposing sentence upon Plaintiff. The trial court's reliance at the sentencing hearing on materials that he received at a "training" simply is not sufficient to establish active unconstitutional conduct on the part of the "Unknown Trainer." *See Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (a claimed constitutional violation must be based upon active unconstitutional behavior). Plaintiff, therefore, fails to state a claim against the "Unknown Trainer."[3] Furthermore, the trainer owes no constitutional duty to litigants who might be affected by the good, or bad, training rendered to judges.

### D.  Jennifer Granholm and Unknown Parole Board Members

Plaintiff claims that Defendant Granholm and the unknown Parole board Members violated his due process rights when they failed to properly consider his petition for a pardon. As an initial matter, the "Unknown Parole Board Members" are immune from Plaintiff's claims for monetary damages. *Hawkins v. Morse*, No. 98-2062, 1999 WL 1023780, at *1 (6th Cir. Nov. 4,

---

[3]Plaintiff does name the trial judge as a defendant in this action. Even if he had, the judge is immune from Plaintiff's claims for monetary damages. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991).

1999); *Tillman v. Price*, No. 96-2032, 1997 WL 225993, at *1 (6th Cir. May 5, 1997); *Ward v. Moss*, No. 94-1417, 1994 WL 664948, at *1 (6th Cir. Nov. 23, 1994).  Furthermore, Plaintiff fails to raise a constitutional claim.  A Fourteenth Amendment procedural due process claim depends on the existence of a constitutionally cognizable liberty or property interest with which the state has interfered.  *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).  The possibility of release upon reprieve, commutation, or pardon depends entirely on the discretion of the governor.  *See* MICH. CONST. 1963 art. 5, § 14; MICH. COMP. LAWS § 791.244.  Just as the presence of a parole system does not give rise to a constitutionally protected liberty interest in parole, *see Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979), the power of the governor of Michigan to grant a reprieve, commutation, or pardon does not create a liberty interest in such release.  *See Ohio Adult Parole Authority v. Woodard*, 532 U.S. 272 (1998); *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458 (1981); *Manning v. Unknown Parties*, 56 F. App'x 710, 711 (6th Cir. 2003).  In the absence of a liberty or property interest, a prisoner has no due process claim arising from the denial of parole or commutation.  Accordingly, Plaintiff fails to state a due process claim arising from Defendants' alleged failure to commute his sentence.

## Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated:   October 23, 2007             /s/  Joseph G. Scoville
                                      United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).